IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERALD LEE LYNCH, JR.,

                Petitioner,

   v.

DAN WESTFIELD,

                Respondent.

OPINION & ORDER

14-cv-904-jdp

---

In this case, petitioner Gerald L. Lynch, Jr., a prisoner housed at the Oakhill Correctional Institution, seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a conviction entered in the Circuit Court for Dane County, Wisconsin. Petitioner has paid the $5 filing fee. The next step is for the court to conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under this rule, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In reviewing this pro se petition, I must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After review of the petition with this principle in mind, I conclude that the petition must be dismissed as an unauthorized second application for habeas relief.

The charges in this case arose out of an incident in which petitioner, under the influence of alcohol, led police officers on a high-speed chase ending in petitioner's vehicle colliding with another, killing one person and injuring two others. In November 2003, petitioner pleaded no contest to one count of homicide by intoxicated use of a vehicle and to two counts of fleeing from an officer resulting in bodily harm. The state court accepted

petitioner's plea and sentenced him to a 35-year bifurcated sentence. At the time of petitioner's offenses, an inmate could participate in the state's Earned Release Program if he was incarcerated for a crime other than one excluded by statute, and if the sentencing court exercised its discretion to declare him eligible for the program. Petitioner's conviction for homicide by intoxicated use of a vehicle rendered him ineligible for participation in the state's Earned Release Program.

Petitioner's arguments in his petition and follow-up submissions are somewhat disorganized, but construing his submission generously, I identify the following claims: (1) the statutes governing the DOC's substance abuse program and Earned Release Program violated petitioner's rights to equal protection and substantive due process because they treated him differently than a person who was driving while intoxicated but did not cause a death or great bodily harm; (2) petitioner unknowingly entered his plea because he was not advised that the plea would make him ineligible for participation in the Earned Release Program; (3) petitioner's plea was invalid because the sentencing court exceeded its authority in declaring under its discretion that petitioner was ineligible for the Earned Release Program, because he was already statutorily ineligible by virtue of his conviction for homicide by intoxicated use of a vehicle; (4) the statutory scheme and failure to notify petitioner of the consequences of his plea violated the separation of powers doctrine by removing the sentencing court's discretion; and (5) ineffective assistance of postconviction and appellate counsel.

I cannot consider any of these claims because this is the second habeas petition petitioner has brought regarding these convictions. Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court

unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. *In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999). That standard is met in this case.

In 2009, petitioner brought a habeas petition in the Eastern District of Wisconsin challenging the same convictions raised in this case, arguing that he was not notified that his plea rendered him ineligible for the Earned Release Program and that his trial and appellate counsel was ineffective. The court dismissed the petition. *Lynch v. Jenkins*, No. 09-C-1135, 2010 WL 5437224 (E.D. Wis. Dec. 23, 2010).

Although petitioner is attempting to raise new arguments concerning the invalidity of his plea, that is not a ground for filing a second petition in federal court. Rather, a petition challenging the same conviction on new grounds still qualifies as "second or successive" unless the events giving rise to the new claim had not yet occurred when the previous petition was filed. *United States v. Obeid*, 707 F.3d 898, 901-03 (7th Cir. 2013). All of petitioner's arguments could have been brought in his first habeas petition, so his current petition qualifies as "second or successive," and I must dismiss the petition.

If petitioner believes that he qualifies for an exception to the rule against filing successive petitions, he must seek permission to file his petition with the Court of Appeals. I have no authority to consider the petition until that court gives its approval. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Because reasonable jurists would not otherwise debate whether this petition qualifies as "second or successive," I will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that:

1. This petition for writ of habeas corpus filed by Gerald L. Lynch, Jr. is DISMISSED for lack of authorization as a second or successive application.

2. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered April 28, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge